# Exhibit 1

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OFCALIFORNIA

9

10

11   UNITED STATES OF AMERICA,              Case No. 2:12-CR-00401

12              Plaintiff,                  STATEMENT OF VICTIM IN
                                            OPPOSITION TO DEFENDANT'S
13        vs.                               MOTION FOR ORDER
                                            AUTHORIZING RELEASE OF
14   ALBERT LEE MITCHELL,                   COMPUTER MEDIA TO DEFENSE
                                            EXPERT
15              Defendant

16

17

18        I, "VICKY", declare that the following statement is made based on personal knowledge,

19   is true and accurate to the best of my knowledge, and is made under penalty of perjury under

20   the laws of the ‾

21        I have received a notice from the Department of Justice that I am a victim of Defendant

22   Mitchell's offense in this case.  I make this statement to the court under pseudonym because I

23   am a victim of child pornography in multiple cases and I have been stalked by other consumers

24   of child pornography.  I am afraid for my safety and that of my family should my identity be

25   revealed.

STATEMENT OF VICTIM IN OPPOSITION TO DEFENDANT'S
MOTION FOR ORDER AUTHORIZING RELEASE OF
COMPUTER MEDIA TO DEFENSE EXPERT - 1

PENGAD-Bayonne, N.J.

**EXHIBIT**

1

I ask the court to deny the request for release of any computer media with my images on it.  My world has been shattered by the relentless trade of the images of my sexual abuse.  Knowledge that there are strangers looking at my images colors my existence on a day to day basis.  To try to explain this I am attaching to this statement for the court my Victim Impact Statement.

The spread of these videos and images is like a cancer that has spread and is uncontrollable.  I do not want any more people looking at my images.  If the defense expert takes the computer media out of the control of law enforcement there will be other people in her office who may likely see my images.  There is always the possibility that the media is lost or is transmitted further to someone else.  I am horrified at the prospect of the justice system somehow facilitating more and more people seeing what is the record of my nightmares.

I also ask the court to protect the privacy of all the other victims on this computer media who don't have the opportunity to speak up at this time.  I am certain that no one who is a victim as I am would ever want their images spread any further.  I have talked to other child pornography victims in similar circumstances and I am currently a student in a graduate program working toward a masters in counseling focusing on child abuse victims.   We look to the court for protection, not to allow more copies of our images to be circulated.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
THAT THE FOREGOING IS TRUE AND CORRECT.

DATED this ___1st___ day of ___May___, 2015 at

Vicky

# Exhibit 2

1

2

3

4

5

6

7

# IN THE UNITIED STATES DISTRICT COURT

8

## FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,       )   Case No.: 2:12-CR-00401

                                  )

11                        Plaintiff,       )   **STATEMENT OF VICTIM'S MOTHER**

                                   )   **IN OPPOSITION TO DEFENDANT'S**

12       vs.                          )   **MOTION FOR ORDER**

                                   )   **AUTHORIZING RELEASE OF**

13   ALBERT LEE MITCHELL,          )   **COMPUTER MEDIA TO DEFENSE**

                                   )   **EXPERT**

14                                     )

                  Defendant       )

15                                    )

                                   )

16                                    )

17  _____)

18       I, "NW", declare that the following statement is made based on personal knowledge, is true

19 and accurate to the best of my knowledge, and is made under penalty of perjury under the laws of

the State of California.

20       My daughter is the minor depicted in the Blue Pillow child pornography series and I have

21 received notice from the Department of Justice 16 of the photos from the series are evidence in this

case.  I make this statement to the court under protected identity on behalf of my daughter because I

22 fear for her and our families safety should our true identities be revealed.  This series of photos have

been widely traded and the person who took them used her real name when distributing them.

23       On behalf of my daughter I ask the Court to deny the defendant's request for release of

24 copies of these images to his expert.  Our lives have not been the same since these photos were

25 taken and distributed; the aftermath of dealing with the production, distribution and possession of

them by people all over the world is a constant reminder of the horrific abuse my daughter suffered

26 and every time they are distributed she is being victimized all over again.  I have attached a copy of

my daughter's victim impact statement to show her thoughts on how these photos affect her daily

27 life.

28       I fail to see how the distribution of these photos to the defense is any different than the

underground distribution of these photos to anyone who wants them.  Once the photos are out of the

PENGAD-Bayonne, NJ

EXHIBIT

2

control of law enforcement there is no guarantee as to the protection of my daughter's identity.  The images could be lost, stolen or duplicated again without anyone's knowledge or consent.  Even more disturbing is that the photos could be viewed by someone who knows us personally.  I speak not only for my daughter but for all child pornography victims when I say that the cycle of sharing photos needs to stop and in this case it is in the Court's power to make sure it ends.

The Adam Walsh Act limits defense access to examine child exploitation material which is the subject of a charge in that any examination may only be conducted in a government building and copies of such materials are prohibited as long as reasonable accommodations are made.  It is my understanding that in this case the defense has examined the photos and/or other evidence 21 separate times at a federal government facility.  This shows that the Plaintiff has complied with the Adam Walsh Act by being more than accommodating in their requests for examination and that after such numerous examinations it is questionable what else they are looking for.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: May 4, 2015

_NW_____
"NW"

# Exhibit 3

# The Law Office of Erik L. Bauer

215 Tacoma Avenue South
Tacoma, WA 98402
253-383-2000 Telephone
253-383-0154 Facsimile

May 4, 2015

Mr. Josh Franklin Sigal
Special Assistant U.S. Attorney
United States Attorney's Office, Eastern District of California

> RE:   U.S. v. Albert Lee Mitchell
>           Case No. 2:12-CR-00401

Dear Mr. Sigal:

I represent the victims of the 8 Kids Series. My clients use the aliases John Doe I-V to protect their identity. I have received notification from the Department of Justice that the defendant in the above referenced case has requested that my clients' images be released to his defense expert even though the images of the victims have previously been made available for review to the defense expert on multiple occasions. We would ask the court to deny the defendant's request.

Further duplication of these disturbing images is troubling to John Does I-V. The images of my clients' sexual abuse could easily be further disseminated if these images are released from the controlled environment of law enforcement. For instance, it would not be far-fetched to imagine a scenario that the defense expert has these images on her computer and takes the computer home. Someone in her home could view, copy, and disseminate the images. The risk of a security breach is too great when the defense has had ample access to the images under law enforcement control.

The fear of further duplication is the heart of victims' worries with these images. John Doe I stated in his victim impact statement that further distribution of these images makes him feel vulnerable, upset, and as if he is being victimized all over again. John Doe II worries that someone will recognize him from the photographs and that the defendants keep the cycle of pain going by continuing to circulate the photographs. The mother of John Does III, IV and V states that she is stressed to no end at the thought of what people are doing with these photographs of her children.
[See Attached Victim Impact Statements of John Doe I, II, III, IV and V].



EXHIBIT

3

PENGAD-Bayonne, NJ

In order to maintain law enforcement control and possession of these images and to prevent the possibility of further dissemination, the victims of the 8 Kids Series would request that the defendant's request for his expert to review the images out of law enforcement control be denied.

Sincerely,

Tanya L. Hankins
Attorney for victims John Doe I, John Doe II,
John Doe III, John Doe IV, and John Doe V