UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-CR-0401 KJM |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| ALBERT LEE MITCHELL, | |
| Defendant. | |

DATED: June 17, 2016

_____
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with receipt of one or more visual depictions of a minor engaged in sexually explicit conduct. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

INSTRUCTION NO. 3

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

4

INSTRUCTION NO. 4

Because of the presumption of innocence, a defendant does not have to testify or present any evidence to prove innocence. The burden of proof is always on the government and never shifts to the defendant.

The burden on the government is to prove every element of the charges beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty. However, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits received into evidence; and

      (3) any facts to which the parties have agreed, as, for example, in a stipulation.

INSTRUCTION NO. 6

The parties have agreed what Special Agent Daniel Ben-Meir's testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

INSTRUCTION NO. 7

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their    opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not      evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any  testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. A summary was shown to you in order to help explain the evidence in the case.  This summary was not admitted in evidence and will not go into the jury room with you.  It is not itself evidence or proof of any facts.  If it does not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the summary and determine the facts from the underlying evidence.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1    INSTRUCTION NO. 9

2        Certain charts and summaries have been admitted in evidence. Charts and summaries are

3    only as good as the underlying supporting material.  You should, therefore, give them only such

4    weight as you think the underlying material deserves.

INSTRUCTION NO. 10

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

INSTRUCTION NO. 12

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 13

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

INSTRUCTION NO. 14

The defendant is charged in Count One of the Indictment with receiving a visual depiction of a minor engaged in sexually explicit conduct in violation of Section 2252(a)(2) of Title 18 of the United States Code.

In order for the defendant to be found guilty of Count One of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about April 16, 2012, and on or about November 5, 2012, the defendant knowingly received a visual depiction;

Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

In light of the parties' stipulation, you do not need to decide whether the government has proved the second and third elements; the parties agree these elements are established.

# INSTRUCTION NO. 15

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 16

A person has "received" an image if he or she takes possession or accepts delivery of it. An individual who downloads an image from the Internet has received it.

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 18

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately. Your verdict must be based solely on the evidence and on

/////
/////
/////
/////
/////
/////

the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

INSTRUCTION NO. 19

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 20

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 21

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with me, you may send a note through the security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.