UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LEE MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:12-cr-00401-KJM<br><br><br><br>ORDER |

Petitioner, a federal inmate proceeding through appointed counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On October 21, 2019, petitioner filed a motion for preliminary injunction and request for substitution of appointed counsel *in propria persona*. Mot., ECF No. 241. Petitioner requests the court grant seven of his motions previously filed in this case, deny the government's August 9, 2019 unopposed motion for an extension of time, and rule on petitioner's § 2255 Motion to Vacate Judgment. Mot. at 4. In the alternative, rather than rule on his § 2255 motion, petitioner asks that the court schedule an evidentiary hearing, grant his September 7, 2019 objection to the government's motion for an extension, grant his June 6, 2019 Application for Modification of Detention Order, and "[p]ut counsel on both sides on notice that delays will not be tolerated under penalty of severe sactions [sic][.]" *Id.* In addition, petitioner asks the court to replace his appointed counsel, Erin J. Radekin, due to Ms. Radekin's alleged failure to respond to his communications. *Id.* at 5.

1

1 | In light of petitioner's representations, the court directed Ms. Radekin to file a response, ECF No. 242, which she did, Resp., ECF No. 243. In a declaration, Ms. Radekin explains she has begun reviewing the numerous documents relevant to petitioner's § 2255 motion. Resp. ¶ 1. She also states she has sent petitioner three letters, one informing him of her appointment, one explaining why she chose not to oppose the government's motion for an extension, and one explaining she is in the process of reviewing the discovery for his § 2255 motion. *Id.* ¶ 3. Based on Ms. Radekin's declaration, the court finds there is not good cause to substitute appointed counsel at this time. Petitioner's October 21, 2019 request to substitute counsel is DENIED, ECF No. 241, and his November 5, 2019 request to substitute counsel, ECF No. 244, is also DENIED as duplicative of the October request.

For the court to grant plaintiff's preliminary injunction motion, plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Alternatively, the Ninth Circuit has held a preliminary injunction should be granted if plaintiff demonstrates either (1) "a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (citation omitted). Here, petitioner has not met his burden of showing "a likelihood of success on the merits" or "the existence of serious questions going to the merits." *Id.* While plaintiff's frustration with the deliberative process of litigating a § 2255 motion is perhaps understandable, petitioner has not requested relief that the court can grant, nor met his burden of showing a preliminary injunction is warranted here.

Accordingly, petitioner's motion for a preliminary injunction at ECF No. 241 is DENIED. This order resolves ECF No. 241 and 244.

IT IS SO ORDERED.

DATED: December 5, 2019.

_____
UNITED STATES DISTRICT JUDGE