UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT LEE MITCHELL,<br><br>Defendant. | No. 2:12-cr-0401 KJM<br><br><br><br>ORDER |

Defendant, through counsel, moves for an order granting his early release from confinement subject to the sentence of this court and admission to home confinement, under 18 U.S.C. § 3582(c). Defendant makes this motion in light of the increased risks to health that the coronavirus ("COVID-19") poses to incarcerated persons and to him in particular. For the following reasons, the court DENIES defendant's motion.

I.   BACKGROUND

On November 16, 2016, defendant Albert Mitchell was sentenced to 120 months in prison followed by supervised release for life following his conviction on one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Minutes for Sentencing, ECF No. 197; Jury Verdict, ECF No. 176. Defendant is now serving his sentence at FCI Lompoc, where currently 53 inmates and 10 staff have reportedly tested positive for COVID-19, and 2 inmates

have died from COVID-19.  *See* Bureau of Prisons (BOP), *COVID-19 Cases* (updated daily), https://www.bop.gov/coronavirus/.

On April 15, 2020, defendant filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Mot., ECF No. 253.  Defendant argues that his age and health issues make him particularly susceptible to developing serious complications from a COVID-19 infection and, paired with the outbreak at the facility where he is housed, "extraordinary and compelling reasons" warrant compassionate release.  *Id.* at 9.  Defendant states he is 72 years old, has a history of lung disease and tuberculosis and currently takes medication for high blood pressure.  *Id.* at 1 (citing Presentence Investigation Report (PSR) ¶¶ 53–56, ECF No. 196 (sealed); defendants' medical records, filed *in camera* with motion to seal, *see* ECF No. 254 (Not. of Req. to Seal)[1]).

The government opposes defendant's motion, Opp'n, ECF No. 255, and plaintiff has replied, Reply, ECF No. 256.  On April 23, 2020, the government filed an update with the court regarding defendant's request made to the BOP, explaining its position that "[t]he 30-day deadline for BOP to consider Mitchell's request pursuant to 8 U.S.C. § 3582(c)(1) expires on May 1, 2020."  Gov't Not., ECF No. 257.  The court hereby submits defendant's motion and resolves it here.

II.     LEGAL STANDARD

Defendant brings his motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to modify a sentence under certain circumstances, namely after defendant meets certain exhaustion requirements.  *See* 18 U.S.C. § 3582(c)(1)(A).

In deciding whether to modify a sentence and grant compassionate release following exhaustion, as relevant here, a district court engages in a two-step process.  First, it must consider the familiar 18 U.S.C. § 3553(a) factors applicable at the original sentencing, to the extent they remain applicable at the time a motion is brought.  18 U.S.C. § 3582(c)(1)(A).  These include, *inter alia*, the need for the sentence "to protect the public from further crimes of the

---

[1] Because the court grants motion to seal below, these documents will be filed under seal concurrently with the docketing of this order.

defendant" and "to reflect the seriousness of the offense[.]" 18 U.S.C. § 3553(a). Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). An alternative provision provides for consideration of a motion by a defendant who is 70 years or older and also has served at least 30 years in prison, which is not applicable here. 18 U.S.C. § 3582(c)(1)(A)(ii).

The statute further requires "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody, which was last amended November 1, 2018. *See* U.S.S.G. § 1B1.13. Since passage in December 2018 of the First Step Act (FSA),[2] which amended § 3582 to allow a defendant to file a motion for compassionate release directly with the court, district courts have disagreed whether U.S.S.G. § 1B1.13 remains binding. A number of district courts nationwide have determined that the policy statement provision "no longer fits with the statute," *United States v. Cantu*, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019), because the statement has not been amended since the First Step Act passed to reflect that both defendants and the BOP may move for compassionate release. *See United States v. Allen*, No. 2:17-CR-0229-TOR-12, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019); *United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) (noting "[i]n at least four judicial districts, courts have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.1" (citations omitted)). Many courts in this circuit have nonetheless "turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a reduction in sentence." *United States v. Esparza*, No. 1:07-CR-00294-BLW, 2020 WL 1696084, at *2 n.2 (D. Idaho Apr. 7, 2020) (quoting *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *2 (E.D. Wash. March 31, 2020)); *see also Riley v. United States*, No. C19-1522

---

[2] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

1  JLR, 2020 WL 1819838, at *8 (W.D. Wash. Apr. 10, 2020) ("In the absence of contrary
2  controlling authority, and given the limited statutory exceptions to the general rule of the finality
3  of judgments, this court will continue to follow the guidance of the Sentencing Commission's
4  policy statement limiting the scope of "extraordinary and compelling reasons" that warrant
5  compassionate release under § 3582(c)(1)." (citing *Dillon v. United States*, 560 U.S. 817, 827
6  (2010))), *appeal filed*, No. 20-35334 (April 13, 2020).  However, there is also a strong contingent
7  of cases in which the presiding judge has concluded the guidelines are no longer limiting, and the
8  court has discretion to define what constitutes an "extraordinary and compelling" reason.  *See,*
9  *e.g.*, *United States v. Rodriguez*, No. 17-cr-00021-WHO-1, 2019 WL 6311388, at *7 (N.D. Cal.
10 Nov. 25, 2019) ("This court follows the growing number of district courts that have concluded
11 that, in the absence of applicable policy statements, courts can determine whether any
12 extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt.
13 n.1(A)-(C) warrant compassionate release."); *United States v. Chan*, No. 96-cr-00094-JSW-13,
14 2020 WL 1527895, at *4–5 (N.D. Cal. March 31, 2020) (noting split in authority and following
15 *Rodriguez*); *United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *8–9
16 (C.D. Cal. May 21, 2020) (collecting cases finding U.S.S.G. § 1B1.13 is no longer limiting but
17 considering the policy statement as guidance).
18          In resolving the instant motion, this court considers the Sentencing Commission's
19 policy statement as guidance, but need not determine whether it is binding in this context.  The
20 court notes as relevant here that, in addition to listing possible "extraordinary and compelling
21 reasons," section 1B1.13 "imposes an additional consideration of whether the defendant is a
22 danger to the safety of any other person or to the community." *United States v. Numann*, No.
23 3:16-CR-00025-TMB, 2020 WL 1977117, at *2 (D. Alaska Apr. 24, 2020) (citing U.S.S.G.
24 § 1B1.13(2)).
25 /////
26 /////
27 /////
28 /////

4

III. <u>DISCUSSION</u>

As was the case in *Numann*, the defendant here "is not necessarily seeking a reduction in sentence but rather a modification of the manner in which he serves his sentence; Defendant seeks release from prison to serve the remainder of his term in home confinement." 2020 WL 1977117, at *2; *see* Mot. at 2. "While this type of relief is addressed by other amendments in the FSA, it is not considered by § 3582(c)(1)(A), which specifically modifies the length of custodial sentence." *Numann*, 2020 WL 1977117, at *2. Nonetheless, defendant does not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as explained below.

    A.    <u>Exhaustion</u>

As a threshold matter, defendant must meet the exhaustion requirements of § 3582 before the court can consider motion for compassionate release.[3] As evidenced by the correspondence attached to defendant's motion, counsel for defendant filed a request for a reduction in sentence with BOP on or about April 1, 2020. *See* Mot, Ex. B, ECF No. 253-1, at 4. The government has notified the court that BOP denied defendant's request on April 8, 2020. Gov't Not. at 1. As noted above, the government suggests defendant would have met the exhaustion requirement after May 1, 2020, at which point thirty days would have passed since he first filed his request with BOP. *See* Gov't Not. at 1 (suggesting court should stay motion until

---

[3] Defendant argues the court should waive § 3582's exhaustion requirement in light of the imminent threat from COVID-19. Reply at 10. The court notes that district courts both in and out of this circuit have not been uniform in their analysis of whether the exhaustion requirement in § 3582 is jurisdictional. *Compare United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020) ("[T]he administrative-exhaustion provision of the [First Step Act (FSA)] is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision.") *with United States v. Ben-Yhwh*, 2020 U.S. Dist. LEXIS 65677, *7 (D. Haw. April 13, 2020) (finding exception to exhaustion requirement in COVID context, citing out-of-circuit cases) *and United States v. Haney*, 2020 U.S. Dist. LEXIS 63971, *5 (S.D.N.Y. April 13, 2020) (finding court has discretion to waive § 3582's exhaustion requirement). The court does not revisit the jurisdictional question at this time, given the absence of a dispute that defendant has met the exhaustion requirement at the time this order issues.

May 1, 2020); Opp'n at 5 ("Only after 30 days from the BOP's receipt of that request can this Court consider defendant's motion.").

As this court has noted previously, the text regarding a "lapse" of 30 days in § 3582(c)(1) is not a model of clarity, and the court is not necessarily persuaded by the government's position. *See United States v. Johnson*, No. 2:15-CR-00003-KJM, 2020 WL 2307306, at *4 (E.D. Cal. May 8, 2020) (citing *United States v. Weidenhamer*, No. CR1601072001 PHX ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019)). However, the court need not resolve any question of statutory construction here. Thirty days have passed since the date defendant administratively filed his reduction in sentence request. Because the government effectively concedes defendant has met the exhaustion requirement, the court proceeds to consider the merits of the motion below.

B. "Extraordinary and Compelling Reasons"

Defendant argues that his age and health issues make him particularly susceptible to developing serious complications from a COVID-19 infection and, paired with the current outbreak at the facility where he is housed, "extraordinary and compelling reasons" warrant compassionate release. Mot. at 9. Defendant states is 72 years old and has a history of lung disease and tuberculosis and currently takes medication for high blood pressure. *Id.* His position in this respect is supported by the medical records being filed under seal concurrently with this order. The government does not challenge defendant's representations, and agrees his "age and health conditions, combined with the existence of COVID-19 cases at the Lompoc Facility where he is housed, are concerning facts." Opp'n at 2. The court assumes, without deciding, that defendant's vulnerability to contracting COVID-19, paired with the ongoing circumstances at FCI Lompoc, constitute an "extraordinary and compelling reason" within the meaning of the relevant policy statement, U.S.S.G. § 1B1.13, which provides some guidance here.

C. Danger to the Community

In ultimately deciding whether defendant should be released under § 3582, however, the court considers the 18 U.S.C. § 3553(a) sentencing factors while taking account of the policy statement's guidance "impos[ing] an additional consideration of whether the defendant

6

1   is a danger to the safety of any other person or to the community." *Numann*, 2020 WL 1977117,
2   at *2; *see* U.S.S.G. § 1B1.13(2).

3   The government argues defendant's motion must be denied because he continues
4   to pose a danger to the community, citing the gravity of his crime of conviction, the likelihood he
5   will reoffend on home confinement, his unwillingness to accept responsibility for the crime, and
6   the pretrial services officer's complaint that defendant sent "harassing" emails to pretrial services
7   officers while he was on pretrial release. Opp'n at 7–10. The presentence investigation report
8   prepared for the court in connection with sentencing memorializes the pretrial services officer's
9   complaint. *See* PSR at 4.

10   Several district courts who have analyzed similar motions in the midst of the
11   COVID-19 pandemic have concluded that a defendant who has suffered the same conviction as
12   defendant's should not be released to home confinement, where there is a risk he will reoffend.
13   *See, e.g.*, *United States v. Feiling*, No. 3:19CR112 (DJN), 2020 WL 1821457, at *8 (E.D. Va.
14   Apr. 10, 2020) (denying motion for compassionate release of defendant convicted of possession
15   of child pornography in part because defendant committed his instant offense while at home,
16   "meaning a term of home confinement would be less likely to protect the public"); *United States*
17   *v. Miezin*, No. 1:13CR15, 2020 WL 1985042, at *5 (N.D. Ohio Apr. 27, 2020) (denying motion
18   for compassionate release of defendant convicted of receipt and distribution of child pornography,
19   in part because "[i]n today's society with smartphones, tablets, laptops, smart TVs, and countless
20   other devices, it would not be possible to place [defendant] in home confinement and eliminate
21   his ability to engage in his prior criminal conduct."); *United States v. Hylander*, No. 18-CR-
22   60017, 2020 WL 1915950, at *3 (S.D. Fla. Apr. 20, 2020) (denying motion for compassionate
23   release of defendant convicted of possession of child pornography because "defendant proposes
24   to be released to the home with his wife and brother-in-law, which is precisely the location in
25   which the offense for which he was convicted was committed, and presents a concern that
26   Defendant will reoffend."); *cf. United States v. Fischman*, No. 16-CR-00246-HSG-1, 2020 WL
27   2097615, at *3 (N.D. Cal. May 1, 2020) (granting motion for compassionate release for defendant
28

7

1  convicted of possession of child pornography where defendant had served majority of his
2  sentence and taken steps towards rehabilitation while in prison).

3  Here, defendant has been convicted of the serious crime of receipt of child
4  pornography.  Based on the jury's verdict and the record at trial, the jury had to have found
5  defendant committed his crime at home while residing with his wife; it is this home where his
6  wife still lives to which he asks to be released.  *See* Opp'n at 8; PSR ¶¶ 8–10 (describing results
7  of federal investigation of defendant's home).  Defendant has served only about one third of his
8  term of imprisonment.  *See* Opp'n at 1.  And he provides no information showing he has engaged
9  in any sort of rehabilitation while incarcerated.  The court recognizes defendant continues to
10 vigorously protest his innocence, with a motion to vacate his sentence pending, ECF No. 219; but
11 given the current posture of his case, the absence of rehabilitative efforts weighs strongly against
12 him.  *See United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *6–7 (E.D. Va.
13 Feb. 10, 2020) (denying motion for compassionate release in part because defendant did not
14 present evidence of rehabilitation to change assessment made at time of sentencing or to suggest
15 he would not recidivate); *see also United States v. Sargent*, No. CR 3:09-007-DCR, 2020 WL
16 897633, at *3 (E.D. Ky. Feb. 24, 2020), *appeal filed*, No. 20-5508 (May 14, 2020); *cf. Parker*,
17 2020 WL 2572525, at *11 (finding evidence of defendant's rehabilitation weighed in favor of
18 granting motion for compassionate release and collecting cases); *Fischman*, 2020 WL 2097615,
19 at *3.  Absent any evidence supporting defendant's rehabilitation or a detailed release plan
20 imposing conditions to prevent the likelihood of defendant's reoffending from his home where he
21 requests placement, defendant has not met his burden to show releasing him to home confinement
22 will not pose a danger to the public.

23 Accordingly, the motion is DENIED.

24 IV.     CONCLUSION

25 For the foregoing reasons, defendant's motion for compassionate release is
26 DENIED.  Defendant's request to seal Exhibit A to his motion to reduce sentence is GRANTED,
27 as the documents contain sensitive medical records in which defendant has a compelling privacy
28 interest.  *See* Not. of Req. to Seal, ECF No. 254; *see also Johnsen v. Tambe*, No. 19-141-TSZ-

MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding plaintiff's "privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves"). The Clerk is hereby directed to file Exhibit A on the docket, under seal.

      This order resolves ECF No. 253 and 254.

      IT IS SO ORDERED.

DATED: May 28, 2020.

                                  CHIEF UNITED STATES DISTRICT JUDGE