UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-cr-00401-KJM |
| Plaintiff, | ORDER |
| v. | |
| Albert Lee Mitchell, | |
| Defendant. | |

Mr. Mitchell requests reconsideration of the court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argues his having contracted COVID-19 has aggravated the gravity of the risk to his health posed by further incarceration during the COVID-19 pandemic, and that his release plan has been updated to cure the court's previous concerns. The government opposes, arguing Mr. Mitchell's condition does not provide an "extraordinary and compelling" reason for release, and his continuing danger to the community makes him ineligible as well. For the following reasons, Mr. Mitchell's request for reconsideration is **denied**.

Both Mr. Mitchell and the government have requested sealing of Mr. Mitchell's medical records as exhibits to their filings. ECF Nos. 274, 276. As explained below, the requests to seal are **granted**.

1

I.     MOTION TO RECONSIDER

Mr. Mitchell filed his original request for compassionate release on April 15, 2020. Original Mot., ECF No. 253. He argued his age, 72 years, and his lung condition placed him at an increased risk of experiencing serious complications if he contracted COVID-19 and that "extraordinary and compelling" reasons supported his release. *Id.* at 1, 9 (citing Presentence Investigation Report (PSR) ¶¶ 53–56, ECF No. 196 (sealed)); *see also* Defs.' Medical Records, ECF No. 267 (sealed). The government opposed Mr. Mitchell's motion. Original Opp'n, ECF No. 255. Reaching the merits of Mr. Mitchell's motion, the court found Mr. Mitchell's conviction on receipt of child pornography, 18 U.S.C. § 2252(a)(2), to be dispositive in denying the motion. *See* Order at 8, ECF No. 266. Mr. Mitchell's requested release to the same environment where he committed the original crime and the absence of any information demonstrating his rehabilitation efforts supported the court's conclusion he posed a danger to the community. *Id.*

On November 3, 2020, Mr. Mitchell filed this motion for reconsideration. Mot., ECF No. 273. He claims he actually tested positive for COVID-19 in May, but was unable to present this information to the court before because he was not informed of his positive test by prison personnel at the time. Mot. Ex. D ("Mitchell Decl.") ¶¶ 3–6, ECF No. 273-1. He argues this new information merits reconsideration of the court's previous order. Mot. at 1–2. Mr. Mitchell also claims to present a different, improved release plan. *Id.* at 2; Reply at 7 (adding his general agreement to "internet restrictions"). The government does not dispute that Mr. Mitchell tested positive for COVID-19 earlier this year, but argues he was asymptomatic and has fully recovered. Opp'n at 2–3, 11. The government also argues Mr. Mitchell's release plan does not address the core concerns raised by his conviction offense and his relevant conduct. *Id.* at 11–12.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has "approved of the judicial economy that results from the pretrial reconsideration of suppression orders by the district court." *United States v. Rabb*, 752 F.2d 1320, 1322 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987). "No precise 'rule' governs the district court's inherent power to

grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). It is instead a matter of discretion. *Id.*

Local Rule 420.1(i) requires movants requesting reconsideration to show "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." The primary new fact or circumstance presented by Mr. Mitchell is his COVID-19 diagnosis, which the court assumes he learned of after the fact, without making a formal finding to this effect. This information, while new, does not alter the court's prior assumptions with respect to Mr. Mitchell's health conditions in the face of the pandemic. *See* Order at 6. Mr. Mitchell's having weathered COVID-19 without serious symptoms neither helps nor hurts his prospects with respect to the current motion. The court also assumes Mr. Mitchell is at risk of reinfection.[1] *See, e.g., United States v. Keys*, No. 2:16-00234, 2020 WL 6700412, at *3 (E.D. Cal. Nov. 13, 2020) ("While a CDC representative recently has suggested that based on current evidence . . . reinfections are likely uncommon within 3 months, this observation is not so conclusive so as to provide clarity regarding whether someone who has been infected is immune for any period of time, no matter how brief."); *see also United States v. Fernandez*, No. 2:16-00115, 2020 WL 5909490, at *2 (E.D. Cal. Oct. 6, 2020). And in some cases a risk of reinfection has, as the defense notes, weighed in favor of a defendant in this court's analysis of all the factors relevant to determining whether compassionate release is warranted. *See, e.g., United States v. Carpenter*, No. 2:14-00309, 2020 WL 5851129, at *2 (E.D. Cal. Sept. 20, 2020). In this case, however, concerns regarding dangerousness remain dispositive, and Mr. Mitchell's current motion does not cause the court to reconsider this aspect of its prior decision.

Mr. Mitchell has a heavy burden to carry given the court's dangerousness concerns. With his new motion, he has not come close to meeting that burden and has not meaningfully revised his release plan so as to address the court's concerns articulated in its prior order. Previously, his

---

[1] "In general, reinfection means a person was infected (got sick) once, recovered, and then later became infected again. Based on what we know from similar viruses, some reinfections are expected." COVID-19 Reinfection, CDC (https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html) (accessed Dec. 27, 2020).

3

1   plan was for his family to "arrange for housing for Mr. Mitchell to reside in with his wife."
2   Original Mot. at 10.  Currently, his plan is for his daughter and her husband to "refinance the
3   mortgage on their home in order to finance housing for Mr. Mitchell," suggesting the only change
4   is that he now will not reside with his wife.  Mot. at 12.  As the government points out, the family
5   support Mr. Mitchell says he will draw on comes from family members who were present in his
6   home when he was engaging in the conduct for which the jury convicted him.  *See* Opp'n at 5, 12.
7   Moreover, Mr. Mitchell's motion is unsupported by "any evidence supporting defendant's
8   rehabilitation or a detailed release plan imposing conditions to prevent the likelihood of [Mr.
9   Mitchell's] reoffending . . . . ," as the court previously noted was lacking.  Order at 8.  While Mr.
10  Mitchell says he will agree to "internet restrictions," Reply at 7, this suggestion is too vague and
11  unsupported to change the calculus.  Mr. Mitchell has not mitigated the danger his release poses
12  to the community.

13  II.     REQUEST TO SEAL

14          Both parties seek leave to file Mr. Mitchell's medical records under seal, as exhibits to
15  their respective filings.  ECF Nos. 274, 276.  The court has considered the factors set forth in
16  *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th
17  Cir. 1990) ("(1) closure serves a compelling interest; (2) there is a substantial possibility that, in
18  the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives
19  that would adequately protect the compelling interest.") (citing *Press-Enterprise Co. v. Superior*
20  *Court of California for Riverside Cnty.*, 478 U.S. 1, at 13–14 (1986)).  The subjects of medical
21  records have a strong interest in their confidentiality, which, in this case, outweighs the public's
22  interest in access.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.
23  2006); *see also United States v. Maddawalaabuu Dadi*, No. CR18-0283, 2020 WL 5982007, at
24  *1 (W.D. Wash. Oct. 8, 2020).
25  /////
26  /////
27  /////

III.   CONCLUSION

The motion for reconsideration is **denied**. The request to seal is **granted**.

This order resolves ECF Nos. 273, 274, 276.

IT IS SO ORDERED

DATED:  December 27, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE