UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:12-cr-00401-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Albert Lee Mitchell | |
| Defendant. | |

On August 8, 2022, the court denied defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Order, ECF No. 328. The court also declined to issue a certificate of appealability under 28 U.S.C. § 2253. Order at 11. On September 12, 2022, defendant filed a document styled as a motion for certificate of appealability and request to stay tolling. Mot., ECF No. 332. The court construes this filing as a motion to reconsider the court's declining to issue a certificate of appealability and a request to extend the time for filing a notice of appeal from the August 8, 2022 order.

Defendant's motion for reconsideration arises under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) sets out the grounds for relief from a court order, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Previously, in declining to issue a certificate of appealability, the court found "[d]efendant has not made the substantial showing of the denial of a constitutional right." Order at 10. Here,

defendant asserts "a certificate of appealability is proper . . . because the petitioner has made substantial showing of the denial of constitutional rights . . . ." Mot. at 2. Apart from this conclusory statement, defendant has not provided the court with reasons as to why reconsideration is justified. *See generally* Mot. Thus, the first part of defendant's motion, construed as a request for reconsideration with respect to a certificate of appealability, is denied.

Defendant also requests the court "stay tolling." Mot. at 1. The court construes this as a request to extend the time to file a notice of appeal from the court's August 8, 2022 order.[1] The Rules Governing Section 2255 Proceedings for United States District Courts (Section 2255 Rules) "set the time for the losing party to appeal from the district court's disposition of § 2255 motions." *Kingsbury v. United States*, 900 F.3d 1147, 1149 (9th Cir. 2018). Under Rule 11 of the Section 2255 Rules, Federal Rule of Appellate Procedure 4(a) governs the time to appeal. *See id.* Under Appellate Rule 4(a), a "notice of appeal may be filed by any party within 60 days after entry of the judgement . . . if one of the parties is . . . the United States." Fed. R. App. P. 4(a). Here, petitioner filed his notice of appeal within 60 days of entry of judgment. *See* Notice of Appeal, ECF No. 331. Petitioner's request to stay tolling, construed as a request for extension of time to file a notice of appeal, is denied as moot.

For the reasons provided above, the motion for a certificate of appealability and request to stay tolling are **denied.**

This order resolves ECF No. 332.

IT IS SO ORDERED.

DATED: October 11, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant filed a notice of appeal which he signed on September 8, 2022, and which was entered on the docket on September 12, 2022, ECF No. 331. Under the so-called mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), the notice of appeal is deemed filed September 8, 2022.