UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-cr-00401-KJM-1 |
| Plaintiffs, | ORDER |
| v. | |
| Albert Lee Mitchell, | |
| Defendant. | |

The defendant submitted two supplemental briefs to his motion for compassionate release along with requests to seal confidential medical information. "Supplement One," ECF No. 341; "Supplement Two," ECF No. 340. The court issued a minute order provisionally granting the requests to seal. *See* Min. Order, ECF No. 346.

The court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990) ("(1) closure serves a compelling interest; (2) there is a substantial possibility that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives that would adequately protect the compelling interest." (citing *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13–14 (1986))). Courts in this circuit have "recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019).

1

The defendant's "Supplement One" contains letters including descriptions of the medical condition of his spouse, as well as defendant's request to the Federal Bureau of Prisons for compassionate release and the Bureau's denial. While there is a compelling interest in protecting the medical privacy of the defendant's spouse, it appears there are alternatives that could adequately protect this interest. For instance, the defendant could propose redactions of sensitive information contained in the letters. Thus, the defendant's **request to seal "Supplement One" is denied without prejudice to a renewed motion requesting limited redactions**. Alternatively, the defendant may file the documents on the public docket.

The defendant's "Supplement Two," however, contains only the underlying medical records of the defendant's spouse. The subject of these medical records has a strong interest in confidentiality, which, in this case, outweighs the public's interest in access. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also United States v. Sanders*, No. 13-312, 2021 WL 78869, at *5 (E.D. Cal. Jan. 6, 2021). The court also finds there are no alternatives to sealing that would adequately protect these compelling interests. Therefore, the defendant's **request to seal "Supplement Two" is granted.**

The court orders as follows:

1. The clerk of the court is directed to remove the filing at ECF No. 341, as it was filed in error on the court's docket.

2. The portion of defendant's filing consisting of pages 2 through 17 at ECF No. 340 shall be sealed until further order of this court. *See* Local Rule 141. The request to seal at page 1 of ECF No. 340 and the letter at ECF No. 340-1 shall be filed on the public docket.

3. Electronic access to the sealed documents shall be limited to the court, the United States, and the defendant.

This order resolves ECF No. 340 and 341.

IT IS SO ORDERED.

DATED: October 25, 2022.

CHIEF UNITED STATES DISTRICT JUDGE