UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Albert Lee Mitchell,<br><br>　　　　　　　Defendant. | No. 2:12-cr-00401-KJM-1<br><br>ORDER |

　　　　The defendant has submitted a third supplemental brief in support of his motion for compassionate release, along with a request to seal confidential medical information. Req. to Seal, ECF No. 352. The court previously denied the defendant's request to seal "Supplement One" without prejudice to a renewed motion requesting limited redactions. *See* Prior Order (Oct. 26, 2022), ECF No. 349. On October 11, 2022 the court issued a minute order setting a briefing schedule and cautioned the defendant "that any filings outside of [the] briefing schedule will be disregarded unless the Defendant has received leave of court to submit additional filings." Min. Order (Oct. 11, 2022), ECF No. 342. The defendant did not receive leave of court to file the supplemental brief; however, the defendant signed his current request on October 12, 2022, and the court recognizes the defendant may not have had notice of its recent order before submitting this request. Thus, the court will not disregard the filing in this matter and will determine the request to seal on the merits.

1

1    The court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990) ("(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." (quoting *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13–14 (1986))).  Courts in this circuit have "recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019).

For the same reasons the court denied the defendant's request to seal "Supplement One," *see* Prior Order (Oct. 26, 2022), the court denies the defendant's request to seal "Supplement Three."  "Supplement Three" contains email exchanges referencing the medical condition of the defendant's spouse.  While there is a compelling interest in protecting the medical privacy of the spouse, there are alternatives that could adequately protect this interest.  For instance, the defendant could redact only the sensitive information contained in the letters.  Thus, the defendant's **request to seal "Supplement Three" is denied.**

This order resolves ECF No. 352.

IT IS SO ORDERED.

DATED: November 13, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE