1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    United States of America,                          No. 2:12-cr-00401-KJM-1

12                         Plaintiff,                     ORDER

13           v.

14    Albert Lee Mitchell,

15                         Defendant.

16

17          For the second time, defendant Albert Mitchell moves for compassionate release under

18    18 U.S.C. § 3582(c).  Proceeding pro se, Mitchell alleges his and his wife's health condition

19    warrant compassionate release.  For the reasons below, the court **denies the motion**.

20    I.      **BACKGROUND**

21          Following his conviction for receipt of child pornography in violation of 18 U.S.C.

22    § 2252(a)(2), this court sentenced defendant Albert Mitchell to 120 months in prison followed by

23    supervised release for life.  Mins. for Sent'g, ECF No. 197; Jury Verdict, ECF No. 176.  On

24    April 15, 2020, Mitchell filed his first motion for compassionate release, citing COVID-19 and

25    his underlying health conditions.  Mot. Compassionate Release, ECF No. 253.  The government

26    opposed.  Opp'n Mot. Compassionate Release, ECF No. 255.  The court assumed, without

27    deciding, Mitchell's vulnerability to contracting COVID-19 and the COVID-19 outbreak in the

28    prison (Lompoc FCI) constituted "extraordinary and compelling reasons" within the meaning of

1   U.S.S.G. § 1B1.13.  Prior Order (May 28, 2020) at 6, ECF No. 266.[1]  However, after considering

2   the 18 U.S.C. § 3553(a) sentencing factors, the court concluded Mitchell did not meet his burden

3   of showing his release would "not pose a danger to the public" and denied Mitchell's motion.  *Id.*

4   at 8.  Mitchell moved for reconsideration, Mot. Recons., ECF No. 273, the government opposed,

5   Opp'n Mot. Recons., ECF No. 275, and the court denied the motion, Prior Order (Dec. 28, 2020),

6   ECF No. 284.

7          Mitchell again moves for compassionate release under 18 U.S.C. § 3582(c).  Mot., ECF

8   No. 330.  Mitchell asserts his release is supported by "1) the sudden and rapid deterioration of his

9   wife requiring a full-time caregiver, and, 2) willful indifference to serious medical needs and

10  chronic pain and suffering."  *Id.* at 2.  The government again opposes, Opp'n, ECF No. 344, and

11  Mitchell has replied, Reply, ECF No. 356.

12         First, Mitchell notes his wife's recent strokes and other health conditions have left her

13  "unable to provide for herself."  Mot. at 4.  He asserts "there are no funds to pay a full-time

14  caregiver" because this case has bankrupted him and his wife; they have lost their entire

15  retirement investments.  *Id.*  He further alleges his daughter and son-in-law "cannot permanently

16  provide for [his wife]. . . . [n]or should they . . . ."  *Id.*

17         Second, Mitchell cites his own health conditions.  Mitchell alleges he was assaulted in

18  2019 and did not receive any medical care.  *Id.* at 5.  He further alleges he has not received

19  necessary shoulder and hernia surgeries, and claims as a military veteran, he would receive better

20  care in the VA hospital in Sacramento.  *Id.* at 5–6.  Mitchell also states he is particularly

21  vulnerable to COVID-19 due to his underlying health conditions and has experienced side effects

22  from his previous COVID-19 infection.  *Id.* at 7.  Lastly, Mitchell cites to his loss of hearing and

23  his not having been provided hearing aids within the federal Bureau of Prisons (BOP).  *Id.*

24  **II.    LEGAL STANDARD**

25         In general, district courts "may not modify a term of imprisonment once it has been

26  imposed."  18 U.S.C. § 3582(c).  However, in exceptional circumstances, the court can modify

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

1   the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of

2   2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  *Id.*  A defendant must first exhaust

3   administrative remedies.  *Id.*  If a defendant has exhausted administrative remedies, the analysis is

4   twofold.  First, to grant relief, the court must find "extraordinary and compelling reasons warrant"

5   the requested reduction.  *Id.*  Second, the court must consider the same factors that were

6   applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they

7   remain applicable.  *Id.*

8          Section 3582 further requires a reduction to be "consistent with applicable policy

9   statements issued by the Sentencing Commission."  *Id.*  In 2006, the Sentencing Commission

10  issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to

11  release a defendant from BOP custody.  *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018).

12  This court refers to the Sentencing Commission's policy statement for guidance.  *See United*

13  *States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's

14  statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A)

15  motions filed by a defendant, but they are not binding.").  The relevant policy statement outlines

16  four categories of circumstances that may constitute "extraordinary and compelling reasons" for a

17  sentence reduction:

18            (1) the defendant suffers from a medical condition that is terminal or
19            substantially diminishes the defendant's ability to provide self-care
20            in a correctional environment; (2) the defendant is at least 65 years
21            old, is experiencing a serious deterioration in health due to the aging
22            process, and has served at least 10 years or 75% of his or her term of
23            imprisonment; (3) family circumstances involving the death or
24            incapacitation of the caregiver of the defendant's minor child or the
25            incapacitation of the defendant's spouse or registered partner; or (4)
26            other reasons, other than or in combination with the other listed
27            circumstances, that are extraordinary and compelling.

28  *United States v. Allen*, No. 17-0229, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (citing

29  U.S.S.G. § 1B1.13 cmt. 1).  Defendant bears the burden of "establish[ing] his eligibility for

30  compassionate release."  *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

### III.   ANALYSIS

The parties do not dispute Mitchell has exhausted his administrative remedies as required by § 3582(c).  *See* Mot. at 2; Opp'n at 2.  Thus, the remaining questions before the court are whether: 1) Mitchell's request is supported by "extraordinary and compelling" reasons, and 2) the relevant § 3553(a) sentencing factors weigh in favor of a reduction in sentence.

First, Mitchell has not met his burden of showing his family circumstances warrant a reduced sentence.  As noted above, family circumstances involving the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" can constitute an extraordinary and compelling reason to warrant early release.  U.S.S.G. § 1B1.13 cmt. 1.  Mitchell argues his daughter and son-in law cannot and should not provide for his wife, effectively permanently, because it is his responsibility to do so.  Mot. at 4.  Mitchell includes email exchanges between him and his daughter, Mot. Ex. 2, an unsworn letter to the court from his daughter, Supp. Br. at 3, ECF No. 340 (under seal), and Mrs. Mitchell's hospital records, Supp. Br. at 4–17, as support.  In the daughter's letter to the court, she states:

> My husband and I have been doing our best to care for [the wife and mother] but she has never listened to us in the way that she's listened to [Mitchell] and she is quickly fading.  We don't have the time or finances to care for her properly with her long list of conditions and even if we did I don't know that it would be as effective as having her husband with her to make sure she actually listens to everything she should be doing.

Supp. Br. at 3.  Assuming Mrs. Mitchell is significantly incapacitated at this point, Mitchell has not demonstrated he is the only available caregiver, although he makes a conclusory statement to that effect.  *See, e.g.*, Reply at 5.  Rather, the record shows Mitchell's daughter and son-in-law have been caring for Mrs. Mitchell and it is unclear why the daughter cannot continue to provide the care needed, even if Mrs. Mitchell is not an easy patient.  It also is not clear whether there are other family members who can assume care or why other care options funded by public benefits, such as an assisted living facility, are not possible.  Mitchell has not demonstrated his strong

1    desire to care for his ailing wife and belief that he is the best person to do so necessitates

2    extraordinary relief.

3          Second, Mitchell has not shown his own health conditions warrant a reduced sentence.

4    Mitchell argues there is "willful indifference to [his]  serious medical needs and chronic pain."

5    Mot. at 5.  Mitchell asserts the following conditions: his injuries from an assault in 2019, which

6    he says were left untreated; the need for shoulder and hernia surgery; hearing loss without any

7    hearing aids provided.  He provides copies of his emails requesting medical care in support.

8    Supp. Br. Ex. 3, ECF No. 330-3.  As noted, he also says that for all of these conditions he would

9    receive better care in the VA hospital in Sacramento.  *Id.* at 6–7; *see* Reply at 6.

10         While terminal medical conditions or conditions that "substantially diminish[] the ability

11    of the defendant to provide self-care within the environment of a correctional facility" may

12    constitute "extraordinary and compelling reasons" under the guideline commentary, U.S.S.G.

13    § 1B1.13 cmt. 1, Mitchell does not meet either of these two factors.  Mitchell's BOP medical

14    records show he is currently being treated for several medical conditions including shoulder pain,

15    hernia, hearing loss, hypertension and asthma.  *See generally* BOP Medical Records, ECF

16    No. 348-1 (under seal).  Apart from his own statements, Mitchell does not provide evidence

17    indicating his medical needs are being ignored.  Moreover, any dissatisfaction with his medical

18    treatment alone does not amount to extraordinary and compelling reasons to justify a reduced

19    sentence.  *See, e.g.*, *United States v. Weidenhamer*, No. 16-1072, 2019 WL 6050264, at *5

20    (D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient

21    basis for compassionate release.").

22         Third, Mitchell has not met his burden of showing his risk of serious side effects if

23    reinfected with COVID-19 warrants extraordinary relief.  Mitchell argues he is particularly

24    vulnerable to COVID-19 due to his underlying health conditions, noting he has previously

25    experienced side effects of a COVID-19 infection.  Mot. at 7.  BOP medical records show

26    Mitchell is fully vaccinated for COVID-19 and has received a booster.  BOP Medical Records at

27    1, 50 (under seal).  When a defendant is vaccinated, this court and others have employed a

28    rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and

1   compelling" reason under § 3582(c)(1)(A)(i).  *See United States v. Smith*, 538 F. Supp. 3d 990,

2   999 (E.D. Cal. May 11, 2021).  A defendant can rebut this presumption by offering evidence of

3   an elevated personal risk of severe harm despite the protections of vaccination.  *Id.*

4          Here, Mitchell says he has extensive lung damage, hypertension, pre-diabetes and a

5   compromised immune system.  Mot. at 6.  However, Mitchell has not shown the vaccines he has

6   received and his prior recovery from COVID-19 with some resulting immunity will not protect

7   him from severe harm, nor has he provided evidence of a surge in infections in Lompoc FCI.[2]

8   Mitchell merely states it is "inevitable" he will catch whatever the next variant of COVID will be

9   in his prison's "over-crowded environment."  Mot. at 7.  Mitchell has not rebutted the

10  presumption that the risk of severe harm from COVID-19 is not an "extraordinary and

11  compelling" reason post-vaccination.  *See United States v. Stone,* No. 16-38, 2022 WL 2483755,

12  at *3 (E.D. Cal. July 6, 2022) ("Although [defendant's] health conditions and age likely put him at

13  risk of severe COVID-19 if he were not vaccinated, he has not cited evidence showing he remains

14  at risk despite his vaccination.")

15         Because the court concludes Mitchell's request is not supported by "extraordinary and

16  compelling" reasons, the court does not reach the § 3553(a) sentencing factors.  *See United States*

17  *v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this

18  sequential inquiry before it grants compassionate release, a district court that properly denies

19  compassionate release need not evaluate each step.").

---

[2] The court does take judicial notice that as of December 6, 2022, the BOP has reported the following data on COVID-19 cases at Lompoc FCI: 1 confirmed positive test result, 3 inmate deaths and 440 inmates recovered.  Federal Bureau of Prisons, *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 7, 2022).  Lompoc FCI is also operating at a Level 1 BOP COVID-19 Operational Level, *id.*, meaning the medical isolation rate at the facility is less than 2 percent and the community transmission rate is less than "100 per 100,000 over the last 7 days."  Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*, BOP, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Dec. 7, 2022).  This information does not change the court's conclusion as articulated in this order.

1   **IV.     CONCLUSION**

2          For the reasons stated above, the court finds Mitchell has not met the burden of

3   establishing extraordinary and compelling reason to warrant a reduced sentence.  Defendant's

4   motion for compassionate release under 18 U.S.C. § 3582(c) is **denied.**

5          This order resolves ECF No. 330.

6          IT IS SO ORDERED.

7   DATED:  December 7, 2022.

8   _____
                       CHIEF UNITED STATES DISTRICT JUDGE