1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    United States of America,                        No. 2:12-cr-00401-KJM-1

12                          Plaintiffs,                 ORDER

13          v.

14    Albert Lee Mitchell,

15                          Defendant.

16

17          Citing "confidential and sensitive medical information," defendant Albert Mitchell

18    requests to seal his affidavit and other documents in support of his motion for reconsideration.

19    Req., ECF No. 364.  The court has considered the factors set forth in *Oregonian Publ'g Co. v.*

20    *U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990) ("(1) closure serves a compelling interest; (2) there

21    is a substantial probability that, in the absence of closure, this compelling interest would be

22    harmed; and (3) there are no alternatives to closure that would adequately protect the compelling

23    interest." (citing *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13–14 (1986))).  Courts in this

24    circuit have "recognized that the need to protect medical privacy qualifies as a 'compelling

25    reason' for sealing records."  *Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D. Cal.

26    Oct. 23, 2019).

27          However, the court does not grant blanket requests to seal.  Under Local Rule 141(b),

28    requests to seal must "set forth the statutory or other authority for sealing, the requested duration,

                                              1

1    the identity, by name or category, of persons to be permitted access to the documents, and all

2    other relevant information." E.D. Cal. L.R. 141(b).  Defendant does not specify what information

3    must be sealed.  The documents in support of his motion include email exchanges, letters and

4    inmate requests describing his and his spouse's medical conditions.  As the court informed

5    defendant in its previous orders,  *see, e.g.*, ECF Nos. 349, 354, while there is a compelling interest

6    in protecting the medical privacy of the defendant and his spouse, there are alternatives that could

7    adequately protect this interest.  For example, defendant could redact the sensitive information

8    contained in the documents.  Defendant could also file documents that do not contain sensitive

9    information on the public docket while narrowly requesting to seal just the medical information.

10    Thus, the defendant's **request to seal is denied without prejudice to a renewed motion**

11    **requesting limited redactions**.   Alternatively, the defendant may file the documents on the

12    public docket.

13       This order resolves ECF No. 364.

14       IT IS SO ORDERED.

15    DATED:  April 10, 2023.

16

_____
CHIEF UNITED STATES DISTRICT JUDGE