UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:12-cr-00401-KJM-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Albert Lee Mitchell | |
| Defendant. | |

Defendant Albert Mitchell moves the court to reconsider its denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Mot., ECF No. 363. The government opposes, ECF No. 365. Defendant has not replied.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit allows parties to file post-judgment motions for reconsideration in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). It is instead a matter of discretion. *Id.*

Under this court's local rules, a motion for reconsideration must identify "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." *See* E.D. Cal. L.R. 430.1(i). "But

as is true of motions for reconsideration in civil cases, motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." *United States v. Davis*, No. 98-00114, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*, No. 21-10094, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).

In its previous order, the court denied defendant's motion for compassionate release after finding the following: 1) defendant did not demonstrate he is the only available caregiver for his ailing wife; 2) his health conditions do not substantially diminish his ability to provide self-care within the facility; and 3) he has not rebutted the presumption that the risk of COVID-19 is not an extraordinary and compelling reason once a person is vaccinated, as he is. *See generally* Prior Order, ECF No. 358. In this motion, defendant brings arguments he has already raised or could have raised in his prior motion. He again cites to his wife's health, his own health, the risks of COVID-19 and the cumulative effect of all three factors in support of his motion. *See generally* Mot. While he provides some new evidence, including an affidavit signed by his son-in-law stating that it is difficult for his family to continue to care for defendant's wife, *see* Mot. Ex. B, defendant's arguments remain the same, *see generally* Mot. The court declines to revisit the arguments it has already addressed in its prior order. The court does not question defendant's deep commitment to his wife and his strong desire to care for her. However, the court finds reconsideration is not warranted at this time.

The motion is **denied.**

This order resolves ECF No. 363.

IT IS SO ORDERED.

DATED: May 1, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE